(No. 86-CC-1825-

MORRIS UPTON and DEBORAH UPTON, Claimants, v.
THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 29, 1991.*
*Order filed December 2, 1991.*
*Order filed October 5, 1992.*

SPINAK, LEVINSON & ASSOCIATES, for Claimants.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim was heard by Commissioner Turner on July 18, 1989, and heard in oral argument before the full Court on December 6, 1990.

At the hearing before the commissioner, the Claimants, the Uptons, testified as to a sequence of events which are described in the next few paragraphs.

On January 11, 1984, Morris and Deborah Upton were in their 1981 Buick Regal. Morris Upton was driving and Deborah Upton was a passenger in the front seat. The time was approximately 7:00 a.m., and they were on their way to Morris Upton's place of employment at Hines Hospital at Fifth and Roosevelt in Maywood, Illinois. The Uptons were driving east on the Eisenhower Expressway, also known as I-290. When the car was in the middle of the Cicero Avenue underpass, a large piece of concrete approximately three or four feet long hit the front of the car. Several other pieces hit the hood and then hit the windshield causing the windshield to shatter. Mr. Upton lost control of the car and slammed into the guardrail. Both Morris and Deborah Upton were injured.

The Uptons did not notice anyone on the overpass at the time this incident occurred. Also, there was no construction taking place and there were no warning signs regarding any hazard. The car was greatly damaged on the left bumper, the headlights were broken and the front grill was gone. There were pieces of concrete from the bridge lying on the highway and a large piece of concrete was imbedded in the hood.

After the incident, Mr. Upton drove the car to a police station and made a police report. Mr. and Mrs. Upton took a cab from the police station to a medical clinic in their neighborhood where they saw a doctor.

Approximately 3½ hours later, Mr. Upton went back to the bridge with a lawyer. Mr. Upton saw pieces missing from the bottom of the overpass. Also, the debris was still on the highway. According to Mr. Upton, there was no plywood on the underside of the bridge. No pictures were taken of the overpass or the car.

The Claimants called Thomas Henry Warnock as a witness on their behalf. Mr. Warnock is a civil engineer with the Illinois Department of Transportation. From 1968 to the present, Mr. Warnock's duties have been to inspect bridges for the Illinois Department of Transportation. In 1979, he inspected the bridge which was the subject of this lawsuit and found that the bridge was in poor condition. In his report, he noted that the entire underside of the bridge was covered with plywood. The plywood was there to protect the cars traveling under the bridge from being struck by concrete which might fall from the deteriorating underside of the bridge, primarily at the longitudinal joints. In 1981, Mr. Warnock inspected the same bridge. He found the bridge to be in worse condition than in 1979. In his report at the time, Mr.

Warnock noted that pieces of concrete were breaking out at the longitudinal joints, but that plywood was underneath the bridge to prevent the concrete from falling on the cars below. Mr. Warnock inspected the bridge in 1983. He again found that the bridge was in poor condition and that plywood was on the bottom of the bridge to prevent pieces of concrete from falling on cars beneath the bridge. In 1984, the bridge was inspected by another employee of the Illinois Department of Transportation. This inspection found that the bridge was in poor condition at the longitudinal joints. In 1985, Mr. Warnock again inspected the bridge and found it to be in the same condition. Neither the 1984 or 1985 inspections mentioned the plywood.

Robert Thurmaier testified on behalf of the Respondent. He is a maintenance field engineer for the Illinois Department of Transportation. On July 29, 1985, he inspected the bridge which is the subject of this claim. He looked at the underside of the bridge. He found that there was plywood flush under the bridge deck, including the longitudinal joints. During his inspection he did not see any pieces of concrete missing from the bottom of the bridge. He stated that no patch work had been done to the bridge after the incident involving the Uptons to the best of his knowledge. Further, he stated that the "force under my control, which is the bridge group" had done no patch work on the bridge.

The State is not an insurer of accidents that occur on its highways. In order to recover, a Claimant must show that the condition of the highway was hazardous and the proximate and direct cause of the accident, and this must be proved by the preponderance of the evidence. *Kavalauskas v. State* (1963), 24 Ill. Ct. Cl. 361.

This Court has before it only the Claimants' unsupported testimony as to how the damage occurred and the cause thereof. Such unsupported testimony is not sufficient in this claim, when weighed against the State's evidence, to establish by a preponderance of the evidence the Claimants' version of how the damage occurred and the cause thereof, and to extrapolate therefrom a finding that the State was negligent. The presentation of evidence in this claim is different from *Robinson v. State* (1981), 35 Ill. Ct. Cl. 185, a very similar case cited by the Claimants. In *Robinson, supra,* there were corroborating witnesses as to how the damage was caused, to the fact that pieces were missing from the underside of the bridge and to the fact that the plywood was missing.

In this claim the Claimants produced no independent eyewitness testimony of the mishap and its effects, no physical evidence, and no photographs of the bridge then or now, or of the damaged car to support their version of the facts. The Claimants did not produce an insurance estimate or other document from an auto repair shop to demonstrate that the car had been damaged in the manner they described. No explanation was given for the lack of any corroborating evidence. The lack of corroborating eyewitness testimony, physical evidence, repair documents or photographs is highlighted by the fact that hours after the accident, the Claimants returned to the scene with an attorney. No photographs were taken, and the attorney who went to the scene with the Claimants was not called to testify about what he or she observed.

The State of Illinois produced evidence that showed that, before and after the accident, plywood covered the underside of the bridge, flush against it, thus making it very difficult for any concrete to fall on the cars underneath the

bridge. There was no direct evidence that the plywood had been removed and then replaced during the intervening period, though the 1984 and 1985 reports did not mention the plywood while the previous reports had. In 1985, the bridge was inspected by Mr. Thurmaier and he testified that there were no missing pieces visible and no signs that patching had been done on the underside of the bridge. Mr. Thurmaier was in charge of the group that would have undertaken repairs, and he testified that no repairs had been undertaken and that the plywood was in place.

It is the finding of this Court that the Claimants have failed to prove their claim by a preponderance of the evidence. Therefore, it is ordered that this claim be denied.

## ORDER

SOMMER, J.

This cause coming to be heard on the request of the Claimants for a rehearing of their claim, due notice having been given, and this Court being fully advised in the premises, finds that in an opinion filed May 29, 1991, this Court denied the present claim, and that the Claimants' request for a rehearing is timely under our rules. The claim was denied because the only evidence of the occurrence and the cause of the occurrence was the statements of the Claimants. There was no evidence in corroboration of the Claimants' statements.

We carefully examine requests for rehearings and have granted such when new evidence can prove a claim that lacks only the new evidence to be proved. (*Anderson v. State* (1957), 22 Ill. Ct. Cl. 413, 421.) It is therefore ordered that the commissioner conduct an informal hearing and report to the Court as to whether new corroborating

evidence is genuinely available and whether such could change the conclusions of the Court in its opinion filed in their claim.

## ORDER

SOMMER, J.

This cause coming to be heard on the order of this Court dated December 2, 1991, in which this Court granted the Claimants an opportunity to present additional evidence, due notice having been given, and this Court being fully advised, finds that the Claimants failed to appear at the hearing set by the commissioner and no explanation of such failure to appear was given by the Claimants. It is therefore ordered that the order of December 2, 1991, is revoked and this claim is dismissed.